# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HAROLD GIVENS, | ) |
| Movant, | ) |
| v. | ) No. 4:15-CV-1126 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and two supplements. In addition, movant moves in the alternative for relief under 28 U.S.C. § 2241, and for a writ of coram nobis. For the following reasons, the Court will transfer this successive habeas action to the United States Court of Appeals for the Eighth Circuit.

In the instant motion, movant claims that the new Supreme Court case of Johnson v. United States, 135 S.Ct. 2551 (2015), decided in June of 2015, should be applied to his case in order to reduce his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255, but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.

On June 21, 2005, after movant pled guilty to Count II of the indictment, felon in possession of a firearm, the Court sentenced him to 180 months imprisonment followed by three (3) years of supervised release. Movant did not file an appeal.

On August 18, 2008, movant filed his first motion to vacate under § 2255. Givens v. United States, No. 4:08-CV-1207 CAS (E.D. Mo.). On October 21, 2008, the District Court denied the

motion as time barred, which is a decision on the merits.

> Under 28 U.S.C. § 2255:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> 28 U.S.C. § 2255(h).

Movant submitted his successive § 2255 motion without the required certification. When a second or successive habeas petition is filed in a district court without the authorization of the Court of Appeals, the Court should dismiss it, or, in its discretion, transfer the motion to the appellate court so long as it is in the interests of justice. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Generally, new constitutional rules of criminal procedure are not applied to cases considered on collateral review. See Teague v. Lane, 489 U.S. 288, 303–11 (1989). Two exceptions to this rule, however, permit the retroactive application of a new rule, when: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. Danforth v. Minnesota, 552 U.S. 264, 274–75 (2008); Teague, 489 U.S. at 307.

At least one Circuit Court has decided that Johnson can be applied retroactively, although the Eighth Circuit has not yet addressed the issue. See Price v. United States, --- F.3d ---, 2015 WL

4621024, No. 15-2427 (7th Cir. Aug. 4, 2015). As this matter is relatively time sensitive, and it appears that movant has a tenable claim for relief under Johnson, the Court finds that it is in the interest of justice to transfer movant's petition to the Eighth Circuit Court of Appeals as a request to file a second or successive § 2255 motion based on Johnson, and its new law ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Court of Appeals to bring the motion in this Court. See 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of August, 2015.